IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**RENITA CROWDER,**

    **Plaintiff,**

v.

**ALLSTATES MOVING AND STORAGE, INC. and UNITED VAN LINES, L.L.C.,**

    **Defendants.**

Civil Action 7:12-CV-7 (HL)

**ORDER**

Before the Court is Defendants' Motion for Default Judgment on Defendants' Counterclaim. (Doc. 15) For the reasons stated below, the Motion is granted.

Plaintiff hired Defendants to move her belongings to Maine. (*See* Complaint, Doc. 1-1.) There was some miscommunication about the delivery of the belongings, and as a result, the furniture was not delivered to Plaintiff, but was instead turned over to a storage company. (Id.) Plaintiff filed her Complaint in this case on December 13, 2011 in the Magistrate Court of Lowndes County, Georgia, seeking $5,000.00 from Defendants to pay the costs of the storage. The case was removed by Defendant United Van Lines, L.L.C. on January 10, 2012. (Doc. 1.) This Court has proper jurisdiction over this case on removal because the claims are governed by 49 U.S.C. § 14704, which provides rights and

1

remedies for persons injured by carriers or brokers in the context of commercial disputes. See Thurson Motor Lines, Inc. v. Rand, Ltd., 460 U.S. 533, 534 (1983); Owner-Operator Independent Drivers Ass'n v. Landstar System, Inc., 622 F.3d 1307, 1312 n. 5; Morris v. Florida Transformer, Inc., 455 F. Supp. 2d 1328, 1329 n. * (M.D. Ala. Oct. 5, 2006).

Defendants filed their answer on January 17, 2012, which contained a counterclaim. This counterclaim asserted that Plaintiff breached the interstate transportation contract that was executed by the parties. (Doc. 3, p. 7.) The counterclaim further contends that Plaintiff is responsible for all costs associated with the moving and storage of her personal belongings. (Id. at 10.) After Plaintiff failed to respond to Defendants' counterclaim, Defendants moved for Clerk's entry of default in accordance with Federal Rule of Civil Procedure 55(a), and the Clerk's office entered a default on Defendants' counterclaim on March 13, 2012.

Defendants have now requested a default judgment in the amount of $12,891.83. This sum is owed to Defendants under the terms of a Bill of Lading contract ("BOL") and a Storage in Transit agreement ("SIT") executed between the parties. A total of $5,123.43 is owed to Defendants under the BOL. (Declaration of Sam Lomax, Doc. 15-2, p. 1.) A total of $7,768.40 is owed to Defendants in SIT as of April 30, 2012. (Id. at 2.) Pre-judgment interest in the amount of $1,422.59 is also sought by Defendants, calculated at 7% per annum for the BOL and 18% per annum under the STI, totaling $485.39 and $937.20, respectively.

The Court has reviewed the counterclaim filed by Defendants, and finds that the well-pleaded allegations in the complaint deem admitted by Plaintiff are sufficient to establish Plaintiff's liability and the amount of damages sought by Defendants. Defendants submitted a copy of the BOL and also included the Declaration of Mr. Sam Lomax, the Supervisor of United Van Lines, L.L.C. Credit Department. This evidence is sufficient to convince the Court that the amount of damages sought is appropriate in this case.

For good cause shown, the Court grants Defendants' Motion for Default Judgment on Defendants' Counterclaim and awards Defendants judgment from and against Plaintiff in the amount of $12,891.83. Defendants are also awarded post-judgment fees accrued under the SIT agreement as well as court costs.

**SO ORDERED**, this 19th day of April, 2012.

*s/Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr